# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Porfirio Ruiz Jimenez, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| vs. | ) | **MOTION TO VACATE, SET ASIDE,** |
| | ) | **OR CORRECT SENTENCE** |
| United States of America, | ) | |
| | ) | Case Nos. 1:16-cv-202 |
| Respondent. | ) | |

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Porfirio Ruiz Jimenez, | ) | Case Nos. 4:15-cr-040 |
| Defendant. | ) | |

The Defendant is serving a 120-month sentence for conspiracy to distribute a controlled substance. On June 20, 2016, the Defendant filed a "Motion to Vacate under 28 U.S.C. § 2255 (*Johnson Claim.)*." See Docket No. 99. The Defendant's motion is based on the United States Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). The Federal's Public Defender's Office filed a "Notice of Intent Not to Supplement Pro Se Filing" on July 12, 2017. See Docket No. 101. After an initial review of the motion, the Court ordered the Government to file a response. On July 20, 2016, the Government filed a response in opposition to the motion. See Docket No. 103. For the reasons set forth below, the motion is denied.

1

I.      **BACKGROUND**

On March 4, 2015, Jimenez and a co-defendant were named in a nine-count indictment involving a conspiracy and the distribution of methamphetamine, cocaine, heroin, and marijuana. See Docket No. 1. On August 4, 2015, Jimenez pled guilty to the conspiracy count. See Docket No. 52. The other eight counts were dismissed. The offense of conviction carried a maximum penalty of life in prison and a statutory mandatory minimum of 120 months in prison. See Docket No. 48.

The Presentence Investigation Report ("PSR") calculated a total offense level 31, including 2 points for possession of firearm in connection with the drug conspiracy, and criminal history category I, resulting in an advisory Sentencing Guideline range of 120-135 months. See Docket No. 87, ¶ 87. The Court adopted the PSR without change and sentenced Jimenez to 120-months imprisonment on February 5, 2016. See Docket Nos. 84-87. No appeal was taken.

On June 20, 2016, Jimenez filed a Section 2255 motion citing the recent opinion of the United States Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015), as the basis for the motion. Jimenez seeks review of his sentence, apparently contending he should not have received a 2 point enhancement for possession of a firearm in connection with the drug conspiracy.

II.     **STANDARD OF REVIEW**

"28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)). This requires a showing of either constitutional or jurisdictional

error, or a "fundamental defect" resulting in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). A 28 U.S.C. § 2255 motion is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). A 28 U.S.C. § 2255 movant "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). Section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." Davis, 417 U.S. at 343.

In a case involving an Armed Career Criminal Act ("ACCA") conviction based on *Johnson*, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." Redd v. United States, No. 4:16-CV-1665, 2017 WL 633850, at *2 (E.D. Mo. Feb. 16, 2017) (quoting Hardman v. United States, 149 F. Supp. 3d 1144, 1148 (W.D. Mo. 2016)). The movant need not show he was sentenced under the residual clause to maintain a Section 2255 claim under *Johnson*. United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017) (noting sentencing judges are not required to specify under which clause of 18 U.S.C. § 924(e)(2)(B) an offense qualified as a violent felony). A movant may rely on the new rule of constitutional law announced in *Johnson* if his sentence may have been predicated on the now void residual clause.

On a Section 2255 motion, the determination of whether a prior conviction qualifies as a predicate violent felony under the ACCA is subject to *de novo* review. Winston, 850 F.3d at 683; In re Chance, 831 F.3d 1335, 1338-39 (11th Cir. 2016). The court's review is not constrained to the law as it existed when the movant was sentenced, but should be made with the assistance of binding intervening precedent which clarifies the law. In re Chance, 831 F.3d at 1340; Winston, 850 F.3d at 683-84 (applying intervening case law); Redd, No. 4:16-CV-1665,

2017 WL 633850, at *4 n. 3. (noting decisions which clarify or apply existing law or a settled rule apply on collateral review). The burden remains on the movant to show that his sentence, in the wake of *Johnson*, is no longer authorized by the ACCA. In re Chance, 831 F.3d at 1341.

### III. LEGAL DISCUSSION

In *Johnson,* the United States Supreme Court held the residual clause of the ACCA was vague, and the application of the residual clause violates the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The ACCA defines "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i) **has as an element the use, attempted use, or threatened use of physical force against the person of another**; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The portion of this definition in bold is known as the "force clause" or "elements clause." The underlined portion of this definition is known as the "enumerated offenses clause." The italicized portion is known as the "residual clause." The holding of *Johnson* applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, the holding in *Johnson* does not apply to the advisory federal Sentencing Guidelines. Beckles v. United States, 137 S. Ct. 886, 895 (2017) (holding the Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment Due Process Clause). Therefore, the residual clause no longer provides a basis for qualifying a prior conviction as a "violent felony" under the ACCA.

4

In this case, Jimenez asks for "review" of his case in light of *Johnson,* and he is "hoping for a reduction of my sentence." See Docket No. 99-1. It is clear from the record that Jimenez was not sentenced under the ACCA or the residual clause of the ACCA held unconstitutional in *Johnson*. Because the holding in *Johnson* does not apply to the advisory Sentencing Guidelines, Jimenez states no valid grounds for relief, and his motion must be denied. While Jimenez's advisory Sentencing Guideline range was enhanced by a finding that a firearm was possessed in relation to the drug conspiracy, that finding did not affect his sentence which was dictated by the statutory mandatory minimum of 120-months imprisonment. See Docket No. 90, ¶ 87.

### III.  CONCLUSION

For the reasons set forth above, the Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Docket No. 99) is **DENIED.** The motion for appointment of counsel (Docket No. 100) is **DENIED** as moot. The Court also issues the following **ORDER**:

> 1) The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).
>
> 2) Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). If the defendant desires further review of his motion he may request issuance of a certificate of appealability by a circuit judge of the Court of Appeals for the Eighth Circuit.

**IT IS SO ORDERED.**

Dated this 10th day of May, 2017.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court